J. W. EVERMAN, Appellant, v. J. S. EGGERS, Respondent.

Kansas City Court of Appeals, April 25, 1904.

TRIAL AND APPELLATE PRACTICE: Weighing Evidence. It is the duty imposed by law upon the trial judge to pass upon the weight of evidence and the appellate court can not do so and it is not in its province to review a case on its merits where it is supported by any substantial evidence.

Appeal from Daviess Circuit Court.—*Hon. J. W. Alexander*, Judge.

AFFIRMED.

*Hicklin, Leopard & Hicklin* for appellant.

The evidence on the part of plaintiff and that on the part of defendant taken as a whole shows conclusively that plaintiff was acting as the agent of defendant, with the knowledge and consent of the defendant and the court should have granted a new trial on the weight of the evidence.

*Boyd Dudley* for respondent.

It is the well-settled law of this State that where there is evidence on both sides of the question, it is for the jury to decide. The verdict of the jury will not be disturbed on appeal and the determination of the motion for new trial on the weight of the evidence rests with the discretion of the trial court. Bank v. Mills, 99 Mo. App. 65; Stephan v. Metzger, 95 Mo. App. 627; Lawson v. Mills, 130 Mo. 170; Bray v. Kremp, 113 Mo. 552; Bag Co. v. Ryan, 74 Mo. App. 627.

BROADDUS, J.—The plaintiff, a real estate broker, claims that the defendant contracted with him that if he would sell his farm situated in Daviess county that he would pay plaintiff all in excess of ninety dollars per acre that he received for it; that plaintiff induced one John A. Powell to purchase the same at $93.75 per acre; that as defendant's agent he entered into a written contract for the sale of said land at the price aforesaid; and that said Powell was financially able to respond in damages for any non-compliance on his part with said contract. Plaintiff claims that his commission amounted to $300. The defendant answered with a general denial.

The plaintiff introduced evidence to sustain the issue on his part and defendant introduced evidence to sustain the issue on his part. The jury under proper instructions found for the defendant. There is no contention of any error on the part of the court. But it is insisted that this court weight the evidence and by

reason of its great preponderance in favor of plaintiff, reverse and remand the cause.

The defendant testified that he never authorized plaintiff to sell his land, but offered to sell it to him at the price of $90 per acre. He says that the first conversation he had with plaintiff the latter asked him what he would take for his farm and he told him $90 per acre, and plaintiff then asked him what he would give him to sell it and he told him he would not give him anything and said to him, "you can not sell a farm for me at all." His other evidence was to the same effect. Defendant is corroborated by the evidence of J. A. Musselman, John Rorabaugh and DeLoss Rorabaugh. We can not undertake to pass upon the weight of the evidence. That is a duty imposed by law upon the trial judge. He saw the witnesses on the stand, their manner of testifying, heard all the evidence and was in a much better position than we are to determine the credibility and the weight of the testimony. It is not in the province of this court to reverse a case on its merits where it is supported by any substantial evidence.

Affirmed. All concur.